UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Conroy Clayton Coke,<br><br>     Plaintiff,<br><br>v.<br><br>Frederic Gilman *et al.*,<br><br>     Defendants. | Civil No. 3:24-cv-01428 (VAB)<br><br>December 17, 2024 |

**RECOMMENDED RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND INITIAL REVIEW UNDER 28 U.S.C. § 1915**

**I. INTRODUCTION**

  This is a lawsuit filed by the plaintiff, Conroy Clayton Coke, proceeding *pro se*, against Frederic Gilman, Julia Rosati, Andrew Celinski, Kathy Wells, and Lindsey Fairbank. (Compl., ECF No. 1.) Mr. Coke appears to seek relief in this court from a child support order issued by the Middletown Superior Court. (*Id.* at 4; ECF No. 1-1, at 8.) He also seeks permission from this court to begin his lawsuit *in forma pauperis*, or "IFP." (ECF No. 2.)

  When a plaintiff wishes to proceed IFP – that is, without paying the filing fee – the court ordinarily conducts two inquiries. First, it reviews the plaintiff's financial affidavit and determines whether he is unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines his complaint to determine whether, among other things, it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B). And in all cases – not just those that involve indigent *pro se* plaintiffs – the court must determine whether it has jurisdiction over the subject matter. If the complaint "fails to state a claim" or

"seeks monetary relief against a defendant who is immune," or if it fails to show that the court has jurisdiction, the court must dismiss the case. *Id.*

United States District Judge Victor A. Bolden referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these two inquiries. (ECF No. 7.) I have thoroughly reviewed the complaint, the IFP motion, and the accompanying financial affidavit. In the first step of the analysis, **I recommend that Judge Bolden deny the IFP motion** because Mr. Coke has not demonstrated an inability to pay the filing fee. In the second step, **I recommend that Judge Bolden dismiss the complaint** because Mr. Coke has not invoked the court's jurisdiction, or, in the alternative, because Mr. Coke's complaint fails to state a claim on which relief can be granted and seeks monetary relief against a defendant who is immune. I further recommend, however, that the dismissal be without prejudice to an amended complaint if Mr. Coke pays the filing and administrative fees.

## II.    BACKGROUND

Mr. Coke's lawsuit arises out of his belief that a child support order issued against him by the Middletown Superior Court is unlawful. (Compl., ECF No. 1, at 4.) He alleges that the order was issued in violation of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. (*Id.* at 2.) He also alleges that the Family Support Magistrate, defendant Frederic Gilman, acted with a "[l]ack of [j]urisdiction and [a]uthority" in issuing the order. (*Id.*)

The Court notes that this is not the first time that Mr. Coke has filed a lawsuit in federal court with respect to this child support order.[1] In *Coke v. Samalot*, Mr. Coke alleged that "a child

---

[1]    A court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for

support order issued, and subsequently enforced, against him in state court violate[d] his constitutional rights, including his Fourth Amendment right to protection against unlawful search and seizure." No. 3:20-cv-00971 (VAB), 2021 WL 4034168, at *1 (D. Conn. Sept. 3, 2021). In that case, Mr. Coke was attempting to sue an Assistant Attorney General for the state of Connecticut whom he alleged was responsible for supervising the collection of child support payments. *Id.* Judge Bolden granted the defendant's motion to dismiss for, among other reasons, lack of subject matter jurisdiction. *Id.* at *5. The court also concluded that, even if it had subject matter jurisdiction, Mr. Coke's claims should be dismissed because the defendant had "immunity while serving in his function as an advocate for the state." *Id.* at *7.

In this case, it appears Mr. Coke is attempting to challenge an order that was entered following a post-judgment motion for modification. *See Wilson v. Coke*, No. MMX-FA11-4013776-S (Conn. Super. Ct. Aug. 1, 2024). He has named five defendants: Magistrate Frederic Gilman, who appears to have issued the order, and four others about whom Mr. Coke alleges no facts. (Compl., ECF No. 1.) Mr. Coke asks the court to vacate the child support order and award him $2,570,500.00 in damages. (*Id.* at 4.)

### III. THE FIRST INQUIRY – ENTITLEMENT TO IFP STATUS

Typically, when a plaintiff files a case in federal court, he must pay filing and administrative fees totaling $405.00. *See* 28 U.S.C. § 1914. A court may nonetheless "authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 534 (2015)

---

the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

(stating that litigants who qualify for IFP status "may commence a civil action without prepaying fees").

To qualify as "unable to pay," the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship[.]" *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). The United States Supreme Court has said that a plaintiff makes a "sufficient" showing of inability to pay when his application demonstrates that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In determining whether a plaintiff's financial circumstances meet these standards, courts may consider an applicant's assets in addition to his income. *See* 28 U.S.C. § 1915(a)(1); *Witt v. Stefonski*, No. 3:22-cv-01489 (KAD), 2022 WL 22863353, at *2 (D. Conn. Dec. 28, 2022). In particular, courts may consider "equity in real estate." *Cnty. of Allegheny v. Strader*, No. 2:18-cv-00775 (CRE), 2018 WL 3660092, at *2 (W.D. Pa. Aug. 2, 2018). In *Ireland v. Reliance Standard Life Ins. Co.*, for example, the court denied a plaintiff's motion to proceed IFP where she had "an estimated $60,000 of equity in her home." No. 3:97-cv-00563 (TEH), 1997 WL 85008, at *1 (N.D. Cal. Feb. 21, 1997). Courts have found that as little as $10,000 in home equity can preclude a plaintiff from obtaining IFP status. *See, e.g.*, *Woodard v. Upland Mortg.*, No. 2:03-cv-04382 (EVL), 2003 WL 22597645, at *1 (E.D. Pa. Oct. 27, 2003), *aff'd*, 100 F. App'x 127 (3d Cir. 2004).

Under these standards, Mr. Coke does not qualify for IFP status. In his IFP affidavit, Mr. Coke states that his gross monthly income before taxes and deductions is $4,270.00. (ECF No. 2, at 3.) He also states that he has (1) $1,789.00 in cash on hand or in a bank account; (2) $47,424.00

worth of equity in real estate; and (3) $12,991.00 worth of equity in two vehicles. (*See id.* at 4.) Although Mr. Coke states that a "court order against [him] by [c]hild [s]upport [s]ervice" is "making it difficult" for him (ECF No. 2, at 6), I cannot conclude on the current record that having to pay $405 "would constitute a serious hardship" for him, or that it would force him to forgo "the necessities of life." *See Murphy v. PHH Mortg. Servicers*, No. 3:23-cv-01552 (KAD), 2024 WL 2864218, at *2 (D. Conn. Jan. 23, 2024). For these reasons, I recommend that Judge Bolden deny Mr. Coke's motion for leave to proceed IFP.

IV. **THE SECOND INQUITY – 1915(e)(2)(B) REVIEW**

Although Mr. Coke's IFP motion fails the first inquiry, I will nevertheless proceed to the second inquiry in the interest of judicial efficiency. *See, e.g.*, *Franklin v. Chenango Cnty. Pub. Def. Office*, No. 3:18-cv-00865 (BKS) (DEP), 2018 WL 4288620, at *2 (N.D.N.Y. Sept. 7, 2018) (conducting 28 U.S.C. § 1915(e) analysis even though IFP motion denied).

A. **General Principles of Review under 28 U.S.C. § 1915**

The same statute that authorizes courts to allow a qualifying plaintiff to begin his lawsuit without paying the fee also directs courts to review that plaintiff's complaint to ensure that he is not abusing the privilege of filing a free lawsuit. As noted above, that review asks whether, among other things, the plaintiff's complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must also determine whether it has jurisdiction over the subject matter.

1. ***Subject Matter Jurisdiction***

Federal courts are courts of "limited jurisdiction," meaning that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994). And when the plaintiff's complaint is not the sort of complaint that the court is empowered to hear, dismissal is

required.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (per curiam) ("Where jurisdiction is lacking . . . dismissal is mandatory.") (internal quotation marks omitted).  Moreover, when subject matter jurisdiction is lacking, the complaint must be dismissed even if it was drafted by a *pro se* plaintiff.  *See, e.g.*, *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999); *cf. Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (placing the burden of proving subject matter jurisdiction on the *pro se* plaintiff).  In other words, while *pro se* complaints are reviewed liberally, that liberality does not stretch so far as to cause a court to hear a case that is outside its jurisdiction.  *Cf. Makarova*, 201 F.3d at 113; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (concluding that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") (internal quotation marks omitted).

### 2. *"Fails to state a claim on which relief may be granted"*

A complaint "fails to state a claim on which relief can be granted" when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Twombly*, 550 U.S. at 555–56.  Conclusory allegations are insufficient.  *Iqbal*, 556 U.S. at 678.  If a complaint fails to state a claim, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2).

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs like Mr. Coke. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139–40 (2d Cir. 2000). In other words, courts interpret *pro se* complaints "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). Because *pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests. *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). At the same time, "[e]ven a *pro se* plaintiff . . . must meet the standard of facial plausibility[.]" *McQuay v. Pelkey*, No. 3:16-cv-00436 (MPS), 2017 WL 2174403, at *2 (D. Conn. May 17, 2017); *accord Vega v. Univ. of Conn. Med. Ctr.*, No. 3:11-cv-01864 (AVC), 2012 WL 1825381, at *1 (D. Conn. May 16, 2012) ("Although courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility.") (internal citation omitted).

### 3. *"Seeks monetary relief against a defendant who is immune"*

An IFP complaint must also be dismissed if it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). This principle is especially relevant when the defendant is a judicial officer because judges are generally immune from suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). First, "[a] judge will not be deprived of immunity

because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Second, a judge is immune only for "acts performed in his 'judicial' capacity." *Id.* at 360. "Courts have applied the doctrine with equal force to both federal law claims and Connecticut state law claims, as well as to claims involving judges in courts of limited jurisdiction." *Kulmann v. Biolo*, No. 3:24-cv-01077 (MPS), 2024 WL 3988255, at *5 (D. Conn. Aug. 29, 2024); *see also Gross v. Rell*, 585 F.3d 72, 86 (2d Cir. 2009) (holding that a Connecticut probate judge is entitled to judicial immunity under Connecticut and federal common law).

### B. Application of These Principles to Mr. Coke's Complaint

In this case, Mr. Coke alleges that Magistrate Gilman deprived him of his right to (1) a trial by jury; (2) equal protection of the law; and (3) due process. (Doc. No. 1-1, at 5.) He further alleges that Magistrate Gilman was "acting without jurisdiction" and therefore "loses the presumption of judicial immunity." (*Id.* at 6.) Based on these allegations, Mr. Coke requests that this Court vacate the child support order issued by Magistrate Gilman and award him $2,570,500.00 in damages. As discussed below, Mr. Coke's claims should be dismissed.

#### 1. Subject Matter Jurisdiction – The Rooker-Feldman Principle

Mr. Coke requests that the court reverse the decision of the Middletown Superior Court. This is something that the federal district court cannot do. A legal principle called the "*Rooker-Feldman* doctrine" prevents federal district courts from hearing cases that are, in substance, appeals from judgments of a state court. It is called the *Rooker-Feldman* doctrine because it is based on two U.S. Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Rooker*, the Supreme

Court held that no federal court except the Supreme Court can "entertain a proceeding to reverse or modify" a state court's judgment, since "[t]o do so would be an exercise of appellate jurisdiction." *Rooker*, 263 U.S. at 416. In *Feldman*, the Supreme Court held that the district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. In other words, even if a state court decision violates the federal Constitution, federal district courts are ordinarily barred from directly reviewing that decision. This is true even when the specific constitutional right invoked is the right to due process. *See id.* at 485.

The Court of Appeals for the Second Circuit set out four requirements that need to be met for *Rooker-Feldman* to apply: (1) the plaintiff loses in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites district court review and rejection of the state court judgment; and (4) the state court judgment was rendered before the plaintiff brought his claim in federal court. *Hoblock v. Albany City Board of Elections*, 422 F.3d 77, 85 (2d Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In this case, Mr. Coke's claims meet these four requirements and must therefore be dismissed. *See Feldman*, 460 U.S. at 486 (concluding that a district court does not have jurisdiction over challenges to state court decisions); *Yong Qin Luo*, 625 F.3d at 775 ("Where jurisdiction is lacking . . . dismissal is mandatory.") (internal quotation marks omitted).

First, Mr. Coke "lost" in state court when Middletown Superior Court issued a child support order with which Mr. Coke appears to disagree. Mr. Coke refers to the order as "against" him, and states that he is "aggrieved" by it. (ECF No. 2, at 6; Doc No. 1-1, at 2, 6.) Accordingly, the first requirement is met.

Second, Mr. Coke is complaining of an injury that was caused by the Middletown Superior Court's order. Indeed, Mr. Coke states that the support order violates his constitutional rights. (Compl., ECF No. 1, at 2.) He further alleges that the order has caused over two million dollars in damages. (Doc. No. 1-1, at 8.) Accordingly, the second requirement is also met.

Third, Mr. Coke is requesting that this court review and reverse the Middletown Superior Court's order. In his complaint, he states that this court "must grant relief by vacating the support agreement made in violation of [his] right to due process." (Compl., ECF No. 1, at 4.) He further asks this court to vacate the order because Magistrate Gilman was "acting without jurisdiction." (Doc. No. 1-1, at 6.) Thus, Mr. Coke's complaint meets the third requirement.

Fourth, the state court order was rendered before Mr. Coke brought this claim in federal court. Although Mr. Coke does not specifically state which order in his state court case he would like this court to vacate, the Court construes the complaint as attacking the most recent order with respect to the post-judgment motion for modification, which was filed on June 20, 2024. *See Wilson v. Coke*, No. MMX-FA11-4013776-S (Conn. Super. Ct. June 10, 2024), Docket No. 143. The state court order was rendered on August 15, 2024. *Id.*, Docket No. 148. Mr. Coke filed this case in federal court on September 5, 2024. (ECF No. 1.)

Because Mr. Coke's claim meets the four *Hoblock* requirements, I recommend that Judge Bolden dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Yong Qin Luo*, 625 F.3d at 775.

    2.    ***Review of the Complaint under 28 U.S.C. § 1915(e)(2)(B)***

Although I recommend that Judge Bolden dismiss the complaint for lack of subject matter jurisdiction, I will nevertheless consider whether Mr. Coke's complaint "fails to state a claim" or

"seeks monetary relief against a defendant who is immune." *See Ishutkina v. Biden*, No. 3:20-cv-01656 (CSH), 2021 WL 6841431, at *5 (D. Conn. Mar. 1, 2021).

Even if the court had subject matter jurisdiction, Mr. Coke's complaint fails to state a claim against Julia Rosati, Andrew Celinski, Kathy Wells, and Lindsey Fairbank. A complaint must include sufficient facts to give the defendants fair notice of the plaintiff's claims against them. *See Twombly*, 550 U.S. at 555–56. Here, Mr. Coke has alleged no facts with respect to these four defendants. (*See generally* Doc. No. 1-1.) Even under the most liberal interpretation owed to *pro se* litigants, *Lerman*, 232 F.3d at 139–40, the complaint contains no facts to even suggest who these defendants are, what they may have done, and how what they may have done harmed Mr. Coke. As previously observed, even a *pro se* plaintiff has a duty to plead enough facts to establish a plausible claim, *McQuay*, 2017 WL 2174403, at *2, and the Court cannot save him from dismissal by imagining facts he has not pled. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Accordingly, even if Mr. Coke could establish this court's subject matter jurisdiction, I would nevertheless recommend that Judge Bolden dismiss the complaint as to defendants Rosati, Celinski, Wells, and Fairbank because it fails to state a claim on which relief can be granted.

As to defendant Gilman, judicial immunity protects him from a suit such as this one. As discussed, a judge is "subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356–57. In his complaint, Mr. Coke offers only conclusory statements that Magistrate Gilman acted in the absence of any jurisdiction. (*See* Doc. No. 1-1, at 5–7.) The complaint states that "when a [j]udge acts in contravention of the [C]onstitution the judge is acting without jurisdiction," and "when a judge is acting without jurisdiction and loses the presumption of judicial immunity" he must "answer claims of injury caused by unlawful acts resulting in deprivation of rights." (*Id.*) Such conclusory statements are insufficient to

demonstrate that the defendant should not receive judicial immunity. *Moore v. City of New York*, No. 1:08-cv-02449 (RRM) (LB), 2011 WL 795103, at *4 (E.D.N.Y. Feb. 28, 2011) (holding that "conclusory statements do not overcome the protections of judicial immunity"). I therefore conclude that Magistrate Gilman is protected from this suit by judicial immunity.

Accordingly, even if Mr. Coke could establish this court's subject matter jurisdiction, I would nevertheless recommend that Judge Bolden dismiss Mr. Coke's complaint because it (1) fails to state a claim as to defendants Rosati, Celinski, Wells, and Fairbank; and (2) seeks monetary relief against a defendant who is immune as to defendant Gilman. 28 U.S.C. § 1915(e)(2)(B).

## V.   CONCLUSION

For the reasons stated above, I recommend that Judge Bolden deny Mr. Coke's IFP motion and dismiss his complaint for lack of subject matter jurisdiction or, in the alternative, because the complaint (1) fails to state a claim as to defendants Rosati, Celinski, Wells, and Fairbank; and (2) seeks monetary relief against a defendant who is immune as to defendant Gilman. 28 U.S.C. § 1915(e)(2)(B). I further recommend, however, that the dismissal be without prejudice to refiling after Mr. Coke pays the $350.00 filing fee and the $55.00 administrative fee. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (concluding that *pro se* plaintiffs are ordinarily permitted "leave to amend at least once"). If he chooses to pay the fees and replead, Mr. Coke must (1) plead facts establishing that this Court has subject matter jurisdiction over his claim and (2) provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. *See* Fed. R. Civ. P. 8(a).

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). **If the Plaintiff wishes to object to my recommendation, he must file that objection with the Clerk of the Court by January 6, 2025.** *See* Fed. R. Civ. P. 72(b)(2) (stating

that objections to magistrate judge recommendations shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for persons who, like Mr. Coke, will receive the recommendation from the Clerk of the Court via mail); Fed. R. Civ. P. 6(a)(1)(C) (stating that, when a deadline would fall on a Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). If he fails to file a timely objection, his failure "operates as a waiver of any further judicial review[.]" *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). In particular, failure to file a timely objection operates as a waiver of the right to seek appellate review in the Court of Appeals. *Id.*; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6; *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

                                                         */s/ Thomas O. Farrish*
                                                        Hon. Thomas O. Farrish
                                                     United States Magistrate Judge